IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JAMES THOMPSON

Criminal No. *20-296*

**FILED**

SEP 2 9 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of an unregistered firearm<br>On or about July 17, 2020 | 26 U.S.C. § 5861(d) |

## II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of possession of an unregistered firearm, in violation of Title 26, United States Code, Section 5861(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly possessed a firearm;

2.      That this firearm was a rifle having a barrel of less than 16 inches in length;

3.      That the defendant knew of the characteristics of the firearm, that is, that it was a rifle having a barrel of less than 16 inches in length;

4.      That this firearm was in operating condition; and

5.      That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.  It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

Third Circuit Model Criminal Jury Instruction 6.26.5861.

### III. PENALTIES

**As to Count 1:  Possession of an unregistered firearm (26 U.S.C. § 5861(d)):**

1.      A term of imprisonment of not more than ten (10) years.  (26 U.S.C. § 5861(d));

2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

3.      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Not applicable in this case.

## VI. <u>FORFEITURE</u>

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


/s/ Nicole Vasquez Schmitt
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

3